IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH DAY,

    Plaintiff,

v.

NAPLES COMMUNITY HOSPITAL, INC. d/b/a NCH NORTH NAPLES HOSPITAL, a Florida Not For Profit Corporation, and NCH HEALTHCARE SYSTEM, INC., a Florida Not For Profit Corporation,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEITH DAY (hereinafter "Plaintiff"), files this Complaint against Defendants, NAPLES COMMUNITY HOSPITAL, INC. d/b/a NCH North Naples Hospital ("NCH North Naples"), a Florida Not For Profit Corporation; and NCH HEALTHCARE SYSTEM, INC., a Florida Not For Profit Corporation ("NCH Healthcare System") (NCH North Naples and NCH Healthcare System hereinafter collectively referred to as "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Collier County, Florida.

5. At all times material hereto, NCH North Naples was a Florida Not For Profit Corporation engaged in business in Florida, with a principal place of business in Naples, Florida.

6. At all times material hereto, NCH Healthcare System was a Florida Not For Profit Corporation engaged in business in Florida, with a principal place of business in Naples, Florida.

## COVERAGE

7. At all times material hereto, NCH North Naples was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

8. At all times material hereto, NCH Healthcare System was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

9. At all times material hereto, Plaintiff was an "employee" of NCH North Naples within the meaning of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of NCH Healthcare System within the meaning of the FLSA.

11. At all times material hereto, NCH North Naples was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, NCH Healthcare System was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, NCH North Naples was, and continues to be, engaged in the operation of a hospital.

14. At all material times hereto, NCH Healthcare System was, and continues to be, engaged in the operation of a hospital.

15. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by NCH North Naples.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by NCH Healthcare System.

18. Defendants, NCH North Naples and NCH Healthcare System, have joined and combined to form and constitute a single enterprise and/or joint employer by:

    a. Performing relative activities, *i.e.*, the operation of hospitals;

    b. Exercising unified operation or common control over Plaintiff;

  c. Operating for a common business purpose;

  d. Acting directly or indirectly in the interest of each other with respect to Plaintiff;

  e. Sharing common offices, common record keeping, and equipment;

  f. Sharing common ownership and financial control;

  g. Sharing common management and company policies; and

  h. Defendants are not completely dissociated with respect to the employment of Plaintiff, and may be deemed to share control over Plaintiff, directly or indirectly. By reason of the fact that each corporation is owned and operated by the same individuals, and operate for the same business purpose.

## **STATEMENT OF FACTS**

19. NCH Healthcare System is an alliance of medical facilities in dozens of locations throughout Collier County and Southwest, Florida.

20. Among those medical facilities include NCH Baker Downtown Hospital and NCH North Naples Hospital.

21. From approximately October 1, 2014, through July 1, 2020, Plaintiff worked for Defendants as a Maintenance Mechanic in the engineering department at the NCH North Naples location.

22. Plaintiff's was responsible for maintaining and checking all of the facility's machinery, including, but not limited to, chillers, boilers, operating rooms,

call systems, hvac systems, and alarm systems.

23. Plaintiff was the only Maintenance Mechanic four nights per week.

24. Therefore, Plaintiff was responsible for singly handedly overseeing the maintenance of the machinery in an approximately 600,000 square foot medical facility.

25. Throughout the duration of his employment, Plaintiff was compensated at an hourly rate of pay.

26. At all times material hereto, Plaintiff worked in excess of forty (40) hours within most, if not all, work weeks.

27. However, Plaintiff was not properly compensated for all of his overtime hours worked from at least August 15, 2016 through the end of his employment, July 1, 2020.

28. Instead, Defendants automatically deducted thirty (30) minutes from each shift that Plaintiff worked for a lunch break.

29. Plaintiff was not able to take a lunch break during his shifts due to the demanding nature of his job.

30. From approximately August 15, 2016 through July 1, 2020, Plaintiff worked at least forty-two (42) hours in most, if not all, work weeks.

31. However, due to Defendants' automatic lunch deduction policy, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.


32. Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, but Defendants failed to so compensate Plaintiff.

33. Plaintiff complained to Defendants' management employees and human resources department but nothing was done to rectify the situation.

34. Defendants have violated 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week during throughout the relevant time period;

   b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

35. Plaintiff realleges and reincorporates paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff worked in excess of forty (40) hours per week throughout the relevant time period.

37. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

38. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

39. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

41. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his

favor against the Defendants:

    a. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    b. Overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;

    c. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

    f. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: October 13, 2021.

        */s/ Chanelle J. Ventura*
        Chanelle J. Ventura
        Florida Bar No. 1002876
        Morgan & Morgan, P.A.
        8151 Peters Road, Suite 4000
        Plantation, FL 33324
        T: (954) 318-0268
        F: (954) 327-3039
        Email:   cventura@forthepeople.com

        ***Attorney for Plaintiff***