UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH DAY,

    Plaintiff,

v.                                    Case No.:  2:21-cv-756-KCD

NAPLES COMMUNITY
HOSPITAL, INC. and NCH
HEALTHCARE SYSTEM, INC.,

    Defendants.
_____/

# ORDER

In this Fair Labor Standards Act case, the parties have filed a Joint Stipulation for Dismissal with Prejudice. (Doc. 28.) Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared. The dismissal is effective upon filing and requires no further action by the Court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). The text of the FLSA does not provide, and no Eleventh Circuit decision has ever held, that FLSA claims are exempt from Rule 41. To the contrary, the Eleventh Circuit has reasoned that the Federal Rules of Civil Procedure apply "in actions brought under the Fair Labor Standards Act no less than in any other case." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th Cir. 2020) (holding that Rule 68's cost-shifting provisions trump the FLSA's cost-

shifting provisions). And there is "no distinction" between the operation of Rule 41(a)(1)(A)(ii) and Rule 68 in an FLSA action. *See Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-462 (M.D. Fla. 2020) (holding parties may terminate an FLSA case by filing either a Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment "and the district court is immediately powerless to interfere"); *see also Dicomo v. KJIMS Dev. Co., Inc.*, No. 2:16-cv-327-FtM-99CM, 2016 WL 6678420, *1 (M.D. Fla. Nov. 14, 2016) ("[T]he parties may dismiss [an FLSA] case in its entirety pursuant to the Joint Stipulation for Dismissal With Prejudice without further action from the Court as it is unconditional and self-executing.").

The parties' Rule 41 stipulation also asks the Court to "strike from the docket the Joint Motion to Approve Settlement Agreement." Because a dismissal under Rule 41 is self-executing, the Court cannot reach back and strike the motion requested. But even if it could, such relief would not be warranted here because there has been no showing to justify striking the document. *See Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) ("[A] motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.").

For the reasons above, this action is dismissed with prejudice. The Clerk is directed to enter judgment, deny all pending motions, terminate all scheduled events, and close the case.

**ORDERED** in Fort Myers, Florida August 5, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

3